The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard B. Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the opinion and Award, except with the modification of Conclusion of Law Number 2 and Award Number 2.
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. A North Carolina Industrial Commission Form 21 Settlement Agreement dated August 6, 1980 appears in the Commission file.
2. On July 30, 1980, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date(s) the employer-employee relationship existed between the parties.
4. As of said date(s) the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers Compensation Act.
5. That plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on July 30, 1980.
6. On said date plaintiff was earning an average weekly wage of $135.20.
7. The parties further stipulate the following documentation into evidence:
 a. Stipulated Exhibit 1 consisting of approximately 27 pages including a Form 19 dated July 9, 1980 and a Form 21 dated August 6, 1980 offered into evidence by plaintiff.
 b. Stipulated Exhibit 2 consisting of approximately 12 pages offered into evidence by plaintiff.
 c. Stipulated Exhibit 3 consisting of approximately 10 pages offered into evidence by the defendant.
At the hearing on November 15, 1993, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of a check stub reference to compensation paid plaintiff by the defendant to which the defendant objects.
2. Plaintiff's Exhibit 2, marked P2, consisting of a blueprint of house plans to be retained by plaintiff for safe keeping.
3. Defendant's Exhibit 1, marked Dl, consisting of an estimate of construction costs by Donald Chandler with respect to a dwelling house with handicapped accommodations.
4. Defendant's Exhibit 2, marked D2, consisting of an estimate of construction cost by Donald Chandler for renovation of a dwelling house with handicapped accommodations.
5. Defendant's Exhibit 4,, marked D4, consisting of an estimate by Timothy George for construction of a dwelling house with handicapped accommodations.
6. Defendant's Exhibit 5, marked D5, consisting of a stipulated document reflecting payments made by the defendant to or on behalf of plaintiff.
7. Plaintiff's Exhibit 3' marked P3, consisting of a letter dated May 1, 1992 to which the defendant objects.
At the hearing of this matter on November 15, 1993, the plaintiff moved that the medical and rehabilitation depositions be taken at the defendant's expense, which motion is allowed.
Subsequent to the hearing on November 15, 1993, the parties entered the following documentation into the record:
1. Deposition of Emily M. McKinney dated December 2, 1993.
2. Deposition of Cynthia L. Wilhelm, Ph.D. dated December 2, 1993.
Subsequent to the hearing on November 15, 1993, plaintiff moved that the defendant be assessed the cost of the life style plan prepared by Dr. Cynthia L. Wilhelm, which Motion is allowed.
* * * * * * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. This cause was set upon the Commission's trial calendar by the defendant filing of a Form 33 dated June 29, 1992 for a determination of such handicapped housing and life care plan to which plaintiff may be entitled under Sections 97-25 and 26 of the North Carolina Workers' Compensation Act together with a Motion to terminate total disability compensation benefits being paid to plaintiff pursuant to a Form 21 entered into by the parties dated August 6, 1980, to which plaintiff responded by filing a Form 33R dated July 13, 192 requesting that the defendant continue to pay total disability compensation benefits, provide handicapped housing accommodations and a life care plan.
2. Subsequent to the adducing of evidence by Deputy Commissioner Ford on November 15, 1993, the parties have provided the Commission with further expert testimony by deposition concerning the plaintiff's physical condition, living accommodations, life style, and future expectations concerning medical and physical needs.
3. Most of the basic facts in this case are not disputed but agreed upon, among which are the following:
 a. Plaintiff sustained a compensable injury July 30, 1980.
 b. As a result of the injury, plaintiff lost use of both his lower extremities and became a paraplegic.
 c. The defendant had paid plaintiff total disability compensation benefits from July 30, 1980 to the present at the rate of $90.14 per week and paid all medical expenses relating to plaintiff's injuries resulting from the accident on July 30, 1980.
 d. In addition, the defendant has provided plaintiff with automotive equipment adapting plaintiff's automobile to accommodate his disabilities, provided plaintiff with a wheelchair, braces and a walker, and prior to 1982 construction of an addition to his parents home designed to accommodate the plaintiff in rehabilitating himself and his physical abilities.
 e. Subsequent to his injury on July 30, 1980, the plaintiff returned to part-time work for the defendant which became full-time work on October 28, 1989, at which job he is presently earning $17,768.00.
 g. In addition to the forgoing earnings from his employment with the defendant, plaintiff earns an additional modest income from conducting exercise classes at a local health spa.
 h. From 1982 until 1989, plaintiff lived in a handicapped accessible housing apartment at a modest rent of $53.00 after which his rent was increased to $300.00 per month at which time plaintiff moved back to his parents home where he resided until January of 1991, since which date he has been living in an apartment which is not adapted to accommodate his disabilities.
4. Since his injury on July 30, 1980, plaintiff with the help of his parents and the defendant providing the benefits afforded by the North Carolina Workers' Compensation Act, has steadily and painstakingly rehabilitated himself to the point that he was able to return to full-time work in 1989 and has maintained his physical health by constant care and exercise, lifting weights about three times per week, so that he is not in constant need of medical attention and lives a lifestyle of independence and self-reliance. Those who have dealt with the plaintiff in assisting him with his development since his accident in 1980 speak well of his attitude, his dedication to rehabilitating himself and the hopeful prospects for his future development.
5. Plaintiff's perseverance and diligence in rehabilitating himself with the help as stated above are to be rewarded and encouraged by the continuance of such help and assistance and not to be discouraged and suppressed by the withdrawal of the help and benefits provided by the Compensation Act. Although this statement borders on editorializing, it is a fact which is supported by the evidence submitted by the expert witnesses in this case.
6. From 1982, when he began to work part-time for the defendant, until 1989, when he began to work full-time, the plaintiff was living alone in handicapped accessible housing under circumstances of independence in which he developed and became a responsible working member of society. Subsequent thereto upon returning to his parents home, because of the rent increase occurring at that time, his privacy as well as that of .his parents, has been jeopardized. Although handicapped accommodations had earlier, prior to 1982, been made there by the defendant, the accommodations were no longer appropriate to the plaintiff's more independent and responsible lifestyle which he had developed after returning to work full-time. For that reason in January of 1991, plaintiff moved to an apartment which provided privacy but which was not adapted to his particular disability needs.
7. Plaintiff has now advanced to a stage in life in which he needs a home and the quality of life to be derived therefrom and is requesting the help of the defendant under the provisions of the North Carolina Workers' Compensation Act to continue the assistance therein provided.
8. Plaintiff has acquired a lot of land in the community where he lives, near his family and his work, plans for the type of home he feels is suitable for him and is asking for assistance from the defendants in making such a home accessible to his disability.
* * * * * * * * * * * * *
Based upon the findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The undersigned is of the opinion and concludes as a matter of law that plaintiff's right to the payment of total disability compensation benefits under Section 97-31(17) of the Act is vested in plaintiff, and plaintiff's right to receive such benefits cannot be effected or reduced by any wages which he may earn at gainful employment, the payment of such benefits being based on certain specified disabilities and not his earning capacity; hence, the defendant's Motion to terminate plaintiff's compensation benefits should be denied.
2. The undersigned is of the opinion and concludes as a matter of law that in light of the Supreme Court decision in 318 N.C. 192
reversing the Court of Appeals and affirming the Industrial Commission's interpretation of Section 97-25 of the Act that accommodations are to be made accessible to the claimant, that plaintiff is entitled to have defendant pay for adding to plaintiff's new home those accessories necessary to accommodate plaintiff's disabilities. All of his necessary accessories will be paid for by defendant. The undersigned is aware that the defendant in the past prior to 1982 made additions at the home of plaintiff's parents to accommodate his disabilities at that time but is of the opinion and concludes that plaintiff's present needs differ from his needs prior to 1982.
3. The undersigned is of the opinion and concludes as a matter of law that, in view of plaintiff's present stable physical condition which is good and enables him to perform his work and usual chores of life to care for himself and that the provisions of Section 97-25 and 26 of the Act provide the plaintiff with future medical care and treatment for maintenance and emergencies which may arise in the future, he is entitled, at this time, to be provided by the defendant with a life care plan.
4. The plaintiff has been and still is in need of legal expertise in defending against the defendant's requests for relief in thid case and that plaintiff is limited in his financial ability to pay for such expert legal expertise, the undersigned is of the opinion and concludes as a matter of law that the plaintiff is entitled to be provided with a legal counsel of his own choice to represent him in this matter at the defendant's expense and to have the costs of this action paid by the defendants including the fee of Dr. Cynthia L. Wilhelm.
5. That a fee of $3,000.00 is reasonable and adequate at this time to compensate plaintiff's counsel and that future services rendered to plaintiff by his counsel will be assessed at that time.
6. The remedy of mediation is an appropriate procedure to resolve any disputes or issues which may arise between the parties with respect to the sharing of costs and expenses of the home which plaintiff contemplates to build.
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant's Motion to terminate payment of total disability compensation benefits under the provisions of Section 97-31(17) of the Act is denied.
2. The defendant shall pay the expense and cost of rendering the home which plaintiff plans to build accessible to his disabilities.
3. This matter is referred to mediation under N.C.G.S. 59780(a) and Rules promulgated thereunder by the Commission on July 29, 1994 prior to any further hearings for the resolution of disputes which may arise with respect to the costs and building of the home contemplated by plaintiff in the event that same cannot be resolved between the parties.
4. The defendant shall pay a fee of $3,000.00 to Fred Folger, plaintiff's counsel, for his representation of the plaintiff in this cause to date.
5. The defendant shall bear the costs, including the charges of Dr. Cynthia L. Wilhelm.
 S/ _______________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ THOMAS J. BOLCH COMMISSIONER
S/ _________________ DIANNE C. SELLERS COMMISSIONER
CMV:CNP
5-25-95